UNITED STATES DISTRICT COURT

Northern District of California

| | |
|---|---|
| RENWICK GIBBS, | No. C 11-00403 MEJ |
| Plaintiff, | **ORDER RE DEFENDANTS' MOTION TO DISMISS [Dkt. #22]** |
| v. | |
| CONTRA COSTA COUNTY, ET AL., | |
| Defendants. | |

# I. INTRODUCTION

Pending before the Court is Defendants Contra Costa County and David G. Brown's Motion to Dismiss Plaintiff Renwick Gibbs' Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). Dkt. No. 22. On April 13, 2011, Plaintiff filed a document which the Court construes as his Opposition. Dkt. No. 29. Pursuant to Civil Local Rule 7-1(b), the Court finds that the Motion is appropriate for determination without oral argument and therefore **VACATES** the hearing set for May 26, 2011. After carefully considering the parties' arguments, the Court **GRANTS** Defendants' Motion.

# II. FACTUAL AND PROCEDURAL HISTORY

## A. Overview of Plaintiff's Complaint

On January 27, 2011, Plaintiff initiated this lawsuit by filing a Complaint against Defendants Contra Costa County, Deputy District Attorney David G. Brown, William Veale, and Michael Coleman. Dkt. No. 1. Subsequently, on February 23, 2011, Plaintiff filed 60 pages of exhibits to his Complaint.

Plaintiff alleges that his constitutional rights were violated and requests that the Court review a "3 year state and speedy trial rights violations" which he alleges caused him to be falsely imprisoned, kidnapped, and resulted in the creation of false documents, fraud, and the imposition of

an illegal sentence. Compl. at 1-2. He requests that the Court review records from 1993 through 2002, and avers that the record reveals a "major violation" that resulted in his wrongful incarceration for five years. *Id.* at 2. He also requests that the Court "fix the damages" that resulted from the alleged violations. *Id.*

**B. Factual Background**

The following facts are taken from Plaintiff's exhibits and Defendants' Request for Judicial Notice.

On March 4, 1999, Plaintiff was convicted in Contra County Superior Court after he pled guilty to violations of Penal Code section 211-212.5(b) (robbery), Penal Code section 211-212.5(a) (robbery of operator of a vehicle for hire), and Penal Code section 211-212.5(b)/664 (attempted robbery). Dkt. No. 12 at 1-3. At that time, Plaintiff executed, signed, and submitted to the trial court an Advisement of Rights, Waiver and Guilty/No Contest Plea Form, in which he waived certain constitutional rights, including the rights to a trial by court or jury, to confront and cross-examine witnesses, to present evidence, and right against self-incrimination. *Id*. at 5. The court sentenced Plaintiff to a total fixed term of 11 years imprisonment, with credit for time served. *Id*. at 3-4.

On April 12, 1999, Plaintiff and his wife filed a government claim with Contra Costa County, alleging that Plaintiff's rights were violated because he was not brought to trial within three years and his attorney did not move to dismiss on these grounds. Defendants' Request for Judicial Notice ("RJN"), Ex. A at 6-8, Dkt. No. 23. On May 4 and 5, 1999, Plaintiff filed additional claims with the County, asserting the same claims. RJN, Exs. B, C.

On September 1, 1999, and December 1, 1999, the state trial court judge denied Plaintiff's Petitions for Writ of Habeas Corpus. RJN, Exs. D, H. On August 14, 2000, the California Court of Appeal denied Plaintiff's appeal of his conviction. RJN, Ex. I.

### III. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) provides that a defendant may move to dismiss a claim for "failure to state a claim upon which relief can be granted." A motion to dismiss under

Rule 12(b)(6) "tests the legal sufficiency of a claim." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). In order to survive a motion to dismiss, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, ––– U.S. ––––, 129 S.Ct. 1937, 1949 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. (quoting *Twombly*, 550 U.S. at 557.) In considering a motion to dismiss, a court must accept all of the plaintiff's allegations as true and construe them in the light most favorable to the plaintiff. *Id*. at 550; *Erickson v. Pardus*, 551 U.S. 89, 93–94 (2007). The plaintiff's complaint need not contain detailed factual allegations, but it must contain more than a "formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 129 S.Ct. at 1949. In reviewing a motion to dismiss, courts may also consider documents attached to the complaint. *Parks School of Business, Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995) (citation omitted). Additionally, courts may consider a matter that is properly the subject of judicial notice, such as matters of public record. *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001). If the court dismisses the complaint, it "should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000).

**IV. DISCUSSION**

In their Motion, Defendants argue that Plaintiff's Complaint is subject to dismissal because his claims are untimely and are barred under federal case law. The Court will address each argument in turn.

**A.  Timeliness of Plaintiff's Claims**

Defendant first contends that Plaintiff's claims are time-barred. Mot. at 6-7. As Defendants note, Plaintiff appears to be asserting a claim for violation of his right to a speedy trial. In actions

under 42 U.S.C. § 1983, the applicable statute of limitations is the forum state's statute of limitations for personal injury actions. *Wilson v. Garcia*, 471 U.S. 261, 266, 274–76 (1985); *Vaughan v. Grijalva*, 927 F.2d 476, 478 (9th Cir. 1991). As Defendant correctly points out, during the time period at issue in Plaintiff's Complaint, California's statute of limitations for personal injury actions was one year. *See Maldonado v. Harris*, 370 F.3d 945, 954 (9th Cir. 2004). Under California law, the statute of limitations is tolled during incarceration for a maximum of two years. Cal. Code. Civ. Proc. §§ 352.1(a).

With respect to when Plaintiff's claim accrued, under federal law, a claim accrues at the point when the plaintiff knows or has reason to know of the injury that forms the basis of his claim. *See TwoRivers v. Lewis*, 174 F.3d 987, 991 (9th Cir. 1999). In his Opposition, Plaintiff argues that he has no knowledge of the alleged violations until December 2010 because of a mental illness. Dkt. #18 at 1-2. However, Plaintiff overlooks that he filed claims asserting the same violations in 1999. In fact, the trial court judge denied Plaintiff's habeas petition wherein he asserted violation of his right to speedy trial. *See* RJN, Ex. D. Thus, Plaintiff was aware of the violations at that point in time. Consequently, his § 1983 claim arose no later than April 19, 1999.

Accordingly, applying the one-year statute of limitations and allowing two years of tolling, Plaintiff was required to file any § 1983 claims asserting constitutional violations associated with his right to trial no later than April 19, 2002. His claims asserted in this lawsuit are therefore untimely and subject to dismissal.

**B.**  **Dismissal Under *Heck v. Humphrey***

Alternatively, citing *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), Defendants contend that Plaintiff's claims seeking damages for constitutional violations fail because the recovery would render his conviction and sentence invalid. In *Heck* the Supreme Court held:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks

> damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

*Id*. at 487.

Defendants argue that because Plaintiff's claim of an improper conviction and sentence based on violation of his speedy trial rights "necessarily implies" the invalidity of his conviction, Plaintiff's claims are subject to dismissal unless he can establish that his conviction was reversed, expunged, or invalidated. Because Plaintiff's appeal and habeas petitions have been denied and Plaintiff has not alleged any facts or submitted any evidence indicating that his conviction and sentence have been reversed or invalidated, Defendants assert that *Heck* requires dismissal of Plaintiff's claims. The Court agrees with Defendants. Accordingly, dismissal of Plaintiff's § 1983 claims is appropriate for this reason as well.

## V. CONCLUSION

For the reasons set forth above, the Court **GRANTS** Defendants' Motion to Dismiss Plaintiff's Complaint (Dkt. #22). Because there are no allegations that Plaintiff could assert to change the Court's rulings, any amendment to Plaintiff's Complaint would be futile. Dismissal is therefore **WITH PREJUDICE**.

**IT IS SO ORDERED.**

Dated: May 18, 2011

_____
Maria-Elena James
Chief United States Magistrate Judge